UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNUM LIFE INSURANCE COMPANY
OF AMERICA,

    Plaintiff,

vs.                                                        Case No. 12-12007

ARNOLD RIETZ,                              HON. AVERN COHN

    Defendant.
_____/

**MEMORANDUM AND ORDER**
**GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. 10)**[1]

I. Introduction

This is a case under the Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq. Plaintiff Unum Life Insurance Company of America (Unum) sued defendant Arnold Rietz (Rietz), seeking to recover for an overpayment of disability insurance benefits that were improperly paid to and retained by Rietz after he received Social Security Disability benefits. Unum filed a one count complaint under ERISA, specifically 29 U.S.C. § 1132(a)(3), seeking a judgment in the amount of $103,963.30 plus interest.

Before the Court is Unum's motion for summary judgment. Rietz, who is proceeding pro se, has not filed a response to the motion. For the reasons that follow,

---

[1]Although originally scheduled for hearing, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

Unum's motion is GRANTED. Unum shall submit a judgment consistent with this order.

II. Background

A.

Unum issued a Group Long Term Disability Policy to Allegis Group, Inc., Rietz's former employer. The policy is governed by ERISA and Rietz was a participant in the policy and entitled to seek benefits by virtue of his employment. In 2001, Rietz submitted a claim for long term disability benefits under the policy. Rietz's claim was approved. During the course of Rietz's disability and during the time he was receiving benefits from Unum, Rietz applied for and received Social Security benefits. The policy provides Unum with a right to recover any overpayments made as a result of "deductible sources of income," and defines such sources to include Social Security benefits.

After learning that Rietz was receiving Social Security benefits, Unum requested several times that Rietz provide information regarding the amount of his Social Security benefits. Rietz either did not respond to requests, or told Unum that no repayment was required. At some point, Unum began offsetting Rietz's benefits against the overpayment. Unum used an estimation of Rietz's Social Security benefits to calculate the offset because Rietz did not provide any information regarding his Social Security benefits. Because Rietz failed to provide requested information, Unum closed his claim for benefits on April 11, 2011. Rietz did not appeal Unum's decision to close his claim and cease paying benefits as of that date. Unum calculates the current amount of the overpayment to be $103,963.30.

B.

On May 3, 2012, Unum filed its complaint against Rietz. (Doc. 1). On May 24 2012, Rietz filed an answer in which he responds to the most of the allegations in the complaint with "disagree - lack of knowledge." Significantly, however, Rietz responded that he "agreed" with Unum's allegations that he applied for and received Social Security benefits during the time he was receiving benefits from Unum. (Doc. 4). The parties appeared for a status conference on July 17, 2012 after which a scheduling order was entered. The scheduling order states in part that Unum shall file a motion for summary judgment on or before November 26, 2012 and that Rietz shall file a response to the motion on or before December 28, 2012. (Doc. 9). On November 20, 2012, Unum filed its summary judgment motion. (Doc. 10). To date, Rietz has not filed a response and the time for filing a response has long passed.

C.

Unum argues that it is entitled to summary judgment because there is no genuine issue of material fact that (1) Rietz received an overpayment of benefits once he began receiving Social Security benefits, and (2) Unum is entitled under the policy to recover for the overpayment. Unum also says that Rietz has no viable defenses to its claim for the overpayment.

III. Analysis

A.

The fact that Rietz has failed to respond to Unum's summary judgment motion does not, by itself, justify granting the motion. As the Court of Appeals for the Sixth Circuit has explained:

> [U]nder Rule 56(c), a party moving for summary judgment always bears the burden of demonstrating the absence of a genuine issue as to a material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Although subsequent Supreme Court cases have redefined the movant's initial burden, see, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); and Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the requirement that the movant bears the initial burden has remained unaltered. See Celotex, 477 U.S. at 325, 106 S.Ct. at 2553; Street v. J.C. Bradford, 886 F.2d 1472, 1479 (6th Cir.1989). More importantly for all purposes, the movant must always bear this initial burden regardless if an adverse party fails to respond. Adickes, 398 U.S. at 161, 90 S.Ct. at 1610; Kendall v. Hoover Co., 751 F.2d 171, 173–174 (6th Cir.1984); Felix v. Young, 536 F.2d 1126, 1135 (6th Cir.1976). In other words, a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden.

Carver v. Bunch, 946 F.2d 451, 454–55 (6th Cir. 1991); cf. Advisory Committee Note on 1963 Amendment to Subdivision (e) of Fed R. Civ. P. 56 (explaining that the amendment was not "designed to affect the ordinary standards applicable to the summary judgment motion," and that "[w]here the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented"). Moreover, the Sixth Circuit has said that there is "no duty imposed upon the trial court to search the entire record to establish that it is bereft of a genuine issue of material fact." Guarino v. Brookfield Tp. Trustees, 980 F.2d 399, 404 (6th Cir. 1992) (quoting Street v. J.C. Bradford & Co., 886 F.2d 1472, 1480 (6th Cir.1989). Although silence in the face of a judgment motion does not constitute abandonment or a claim or defense as such, it amounts to a failure to fulfill the obligation to "designate" the "specific facts showing there is a genuine issue for trial." See Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324,

4

106 S.Ct. 2548.

B.

Unum has satisfied its burden to obtain summary judgment. As fully explained in Unum's brief and supporting exhibits, Rietz received an overpayment of benefits and Unum is entitled to recover for the overpayment and obtain judgment in the amount requested.

SO ORDERED.

      S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: January 30, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 30, 2013, by electronic and/or ordinary mail.

      S/Sakne Chami
Case Manager, (313) 234-5160

5